1    WO

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Andre Almond Dennison,                    No. CV-13-01925-PHX-SPL (ESW)

10                    Plaintiff,               **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                    Defendants.

14

15          Plaintiff is confined in the Arizona State Prison Complex-Eyman.  He filed a *pro*

16   *se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), alleging three claims for

17   relief against Defendant Ryan.

18          In Count One, Plaintiff alleges that Defendant Ryan denied Plaintiff a diet

19   consistent with his religious beliefs in violation of the Religious Land Use and

20   Institutionalized Persons Act (RLUIPA).  Plaintiff states that Defendant has placed

21   Plaintiff on a vegan diet inconsistent with the tenets of Plaintiff's Seventh-Day Adventist

22   faith.  Plaintiff asserts that his faith requires a diet consisting of fresh fruit, vegetables,

23   eggs, grains, legumes, nuts, and dairy products.  Plaintiff argues that the failure to

24   provide a proper diet substantially burdens the practice of Plaintiff's religion. (Doc. 1)

25          In Count Two, Plaintiff alleges that Defendant Ryan has violated Plaintiff's First

26   Amendment right to the free exercise of his religion due to the same factual basis as set

27   forth in Count One. (Doc. 1)

28          In Count Three, Plaintiff alleges that Defendant Ryan violated Plaintiff's equal

protection rights because similarly situated inmates of other religions receive diets consistent with their religious beliefs. (Doc. 1)

On October 14, 2014, Plaintiff filed a Motion to Compel (Doc. 29). Plaintiff seeks more complete responses to requests for interrogatories and production propounded on Defendant on May 15, 2014.  The parties first attempted to resolve the issues pending by good faith personal consultation over the phone and in writing.  Defendant's Response to Plaintiff's Motion to Compel (Doc. 40) was filed November 12, 2014.  Plaintiff's Reply (Doc. 44) was filed December 2, 2014.  The matter is deemed submitted for decision.

The law provides that a party may obtain discovery regarding any non-privileged matter that is relevant to a party's claim.   The relevant information need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  All discovery is, however, subject to reasonable limitations by the Court when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

# I. <u>INTERROGATORIES</u>

**No. 16:  "How Many Jews, Who Receive Kosher Meals, Are There In ADC?"**

Defendant is able to provide the number of inmates who have established a sincere, religious reason for requesting a Kosher diet and received a Kosher diet while incarcerated at the Arizona Department of Corrections (ADC).   This information is tracked and relevant.  The Court orders Defendant to disclose the number of inmates who have established a sincere, religious reason for requesting Kosher meals and have received them from January 2013 to the present.  The Defendant also tracks the number of inmates who identify Judaism as their religious preference.   Various faiths have recognized tenets inherent in those faiths.  Judaism is one such faith.  Therefore, the number of inmates who identify themselves with Judaism is relevant.  The Court orders

the Defendant to disclose the number of inmates who have identified Judaism as their religious preference from January 2013 to the present.  It is not necessary, however, to hand count the overlap of these two fields of data.  The burden of such an exercise is outweighed by the minimal probative value of the data sought.  Because presumably religious diets offered by ADC are not restricted to a particular religion, and because the Defendant admits that some inmates that identify as Jewish also receive Kosher diets, the overlap number is not relevant.  It is further undisputed that the cost to Defendant per meal type offered is not related to or impacted by the number of people who request each meal type or eat each meal type.

Therefore, the Motion to Compel is granted in part and denied in part as set forth above as to Interrogatory No. 16.

**No. 17:  "How Many Jewish Prisoners Are Receiving Kosher Meals At Rynning Unit?"**

For the reasons set forth in the Court's analysis of Interrogatory No. 16,

It is ordered that Defendant provide the number of inmates at Rynning Unit who have established a sincere, religious reason for requesting a Kosher diet while incarcerated and received a Kosher meal plan from January 2013 to the present.

It is further ordered that Defendant provide the number of inmates at Rynning Unit who have identified Judaism as their religious preference from January 2013 to the present.  Plaintiff's Motion to Compel is granted in part and denied in part as to Interrogatory No. 17.

**No. 18:  "How Many Halaal practicing Muslims Are Receiving Halaal Compliant Meals in ADC?"**

The Defendant has indicated that ADC tracks religious preference and meal plan.  There is no meal plan designated as "Halaal Compliant."  However, Defendant tracks individuals who identify their religious preference as Muslim.  There are also individuals

who express a sincere, religious reason for requesting Kosher and/or vegan meals.  For the reasons set forth in the Court's analysis of Interrogatory No. 16,

It is ordered that Defendant provide the number of inmates from January 2013 to the present who are on each tracked meal plan and the number of inmates who identify their religious preference as Muslim.  The Motion to Compel is denied in part and granted in part as to Interrogatory No. 18.

**No. 19:   How Many Halaal Practicing Muslims Are Receiving Halaal Compliant Meals At Rynning Unit?"**

The Motion to Compel is denied in part and granted in part for the reasons previously set forth herein.

It is ordered that the Defendant provide the number of inmates at Rynning Unit who have identified Muslim as their religious preference from January 2013 to the present.

It is further ordered that Defendant provide the number of inmates at Rynning Unit who have established a sincere, religious reason for requesting a Kosher diet, a vegan diet, and any other tracked religious diet while incarcerated and received such meals from January 2013 to the present.

**No. 20:  "How Many <u>Actual</u> Vegan Prisoners, Not Those Put Onto The Vegan Diet From Other Religions, Are There in the ADC?"**

The Court sustains Defendant's objection to this interrogatory.  The Court has ordered Defendant to provide the number of prisoners who claim a religious preference for the Muslim and Jewish faiths and the number of prisoners who receive a specific diet (Kosher, vegan, or other) for religious reasons from January 2013 to the present.  For the reasons previously set forth in the Court's rulings contained herein, as well as reasons set forth in Defendant's objections, the Motion to Compel is denied as to Interrogatory No. 20.

1   **No. 21:  "How Many <u>Actual</u> Vegans, Not Those Put Onto The Diet From**

2   **Other Religions, Are There At Rynning Unit?"**

3       The Court sustains the Defendant's objection to this interrogatory. See also the

4   Court's ruling on Interrogatory No. 20.   The Motion to Compel is denied as to

5   Interrogatory No. 21.

6

7   **II.  REQUEST FOR PRODUCTION**

8       **No. 1:  "All Complete Arizona Department Of Corrections ("ADC") Food**

9   **Service Contracts With Canteen Correctional Services and Trinity Services Group,**

10  **Inc. Governing 2007 To Present, Including All Amendments, Extensions,**

11  **Memorandums, Solicitations, Price Sheets, Offers and Acceptance, And**

12  **Attachments."**

13      The Court finds the food service contracts from 2007 to the present requested are

14  relevant to the issues raised in Plaintiff's Complaint.  The Motion to Compel is granted as

15  to Request No. 1.

16

17      **No. 2:   "ADC Position Papers, Memos, And Other Documents,**

18  **Recommending, Approving, And/Or Authorizing Ovo-Lacto-Vegetarian, Lacto-**

19  **Vegetarian, And Kosher Diets."**

20      The Court finds that the documentation requested is relevant to the issues raised in

21  Plaintiff's Complaint.  The Motion to Compel is granted.  The Defendant has indicated

22  that all such documents found in Defendant's possession have been provided to the

23  Plaintiff.  The Defendant has no obligation to obtain documents for the Plaintiff from

24  third parties.

25

26      **No. 3:  "All Documents, Memoranda, and Position Papers Recommending,**

27  **Approving, And/Or Authorizing The Rescission Of The Ovo-Lacto-Vegetarian**

28  **Diets."**

1    The Court finds that the information sought is relevant to the issues raised by
2    Plaintiff's claims.

3    It is ordered granting Plaintiff's Motion to Compel as to Request No. 3.
4    Defendant has a continuing obligation to produce any documentation in existence in their
5    possession responsive to No. 3.  The parties have given the Court no reason to believe
6    Defendant has not done so.

7

8    **No. 6:   "All Restricted Diet Orders and Diet Cards Issued Regarding**
9    **Dennison From 2006 to May 2008."**

10   The Court finds that the information sought is relevant to the issues raised by
11   Plaintiff's claims.

12   It is ordered granting Plaintiff's Motion to Compel as to Request No. 6.
13   Defendant has a continuing obligation to produce any documentation in existence in their
14   possession responsive to No. 6.  The parties have given the Court no reason to believe
15   Defendant has not done so.

16

17   **No. 7:   Diet Reference and Food Service Technical Manuals from 2008 to**
18   **Present."**

19   The Court finds that the information sought is relevant to the issues raised by
20   Plaintiff's claims.

21   It is ordered granting Plaintiff's Motion to Compel as to Request No. 7.
22   Defendant has a continuing obligation to produce any documentation in existence in their
23   possession responsive to No. 7.  The parties have given the Court no reason to believe
24   Defendant has not done so.  Defendant's objection regarding redactions for security
25   reasons are sustained by the Court.

26

27   **No. 8:  "All Diet Load Sheets From 2007 to Present."**

28   The Court finds that the information sought is relevant to the issues raised by

1    Plaintiff's claims.

2         It is ordered granting Plaintiff's Motion to Compel as to Request No. 8.

3    Defendant has a continuing obligation to produce any documentation in existence in their

4    possession responsive to No. 8.  The parties have given the Court no reason to believe

5    Defendant has not done so.

6

7         **No. 11:  "Full Name And Last Known Business And Home Address And**

8    **Phone Number Of The Following:   Mike Linderman, John Thompson, ADC**

9    **Chaplain Vicklund, ADC Chaplain Miser, ADC Chaplain Franklin, Ms. Sneed, Mr.**

10   **Sneed, Ms. Pond, and Laura Donnelly."**

11        Defendant's objection is sustained as to current employees of ADC.  Defendant's

12   objections as to former employees of ADC who will not be represented by the Attorney

13   General's Office should he/she be called to offer testimony is overruled.   Should any

14   former employee listed not be represented if called to testify or provide sworn statements,

15   the last known address shall be filed under seal with the Court for purposes of the

16   issuance of a subpoena or the necessity of future sworn statements.

17        Defendant's objection is sustained regarding all individuals not in the employ of

18   ADC.  The Motion to Compel is granted in part and denied in part as to Request No. 11.

19

20        **No. 19:   "All Pricing Documents Utilized By Canteen/Trinity For Each**

21   **Service They Sell."**

22        Defendant's objection to this request is sustained.  The Plaintiff seeks information

23   from the Defendant which is in the possession and control of a third party.

24        Plaintiff's Motion to Compel is denied as to Request No. 19.

25

26                              **CONCLUSION**

27        Accordingly,

28        IT IS ORDERED that Plaintiff's Motion to Compel (Doc. 29) is granted as to

Interrogatory Numbers 16 through 19, subject to the limitations as set forth herein.

IT IS ORDERED that Plaintiff's Motion to Compel (Doc. 29) is denied as to Interrogatory Numbers 20 and 21.

IT IS ORDERED that Plaintiff's Motion to Compel (Doc. 29) is granted as to Request for Production Numbers 1 through 3, 6, 8, and 11, subject to the limitations as set forth herein.

IT IS ORDERED that Plaintiff's Motion to Compel (Doc. 29) is denied as to Request for Production Number 19.

IT IS FURTHER ORDERED that no further discovery motions shall be filed by the parties without express leave of the Court.  In the event of a discovery dispute, the parties are ordered to confer as required by Rule 37(a)(1), Fed. R. Civ. P.  If the parties in good faith are unable to resolve their discovery dispute, the parties shall jointly call chambers of the assigned Magistrate Judge and schedule a telephonic Discovery Dispute Conference.  All discovery disputes shall be discussed at the Conference.  Only after participating in the Court Conference and with express prior permission of the Magistrate Judge shall any party file a discovery motion absent extraordinary circumstances and good cause shown.

Dated this 16th day of January, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge